**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**XODUS MEDICAL, INC., ET AL.**                          **CIVIL ACTION**

**VERSUS**                                                              **NO. 21-616**

**TGV INNOVATIONS LLC**                              **SECTION: H(1)**

## ORDER AND REASONS

Before the Court is Defendant TGV Innovations LLC's Motion to Stay (Doc. 21). For the following reasons, this Motion is **GRANTED**.

## BACKGROUND

Plaintiffs Xodus Medical, Inc. ("Xodus"), Alessio Pigazzi, and Glenn Keilar (collectively, "Plaintiffs") initiated this action based on the alleged infringement of three different patents by Defendant TGV Innovations LLC ("TGV").[1] The Complaint alleges that TGV markets and sells a product known as the "SurgyPad," thereby infringing on U.S. Patent Nos. 8,511,314;

---

[1] *See* Doc. 17. Plaintiffs initially sued Tim Verlander, manager of TGV, but later dismissed him in place of TGV. *See* Docs. 1, 19.

1

8,464,720; and 9,161,876.[2] Xodus is the exclusive licensee of these patents, and Pigazzi and Keilar are the owners.[3] The SurgyPad is used to secure patients to the medical table to reduce the risk of falling during an operation.

Almost two years before the start of this case, the same Plaintiffs filed suit against U.S. Surgitech, Inc. ("Surgitech"), the sole manufacturer of the SurgyPad, in the Northern District of Illinois ("the Illinois Litigation").[4] The Illinois Litigation involves the same set of patents and the same product as this case. The only difference between the two cases is that, here, Plaintiffs bring suit against the seller and marketer—rather than the manufacturer—of the SurgyPad. Now before the Court is TGV's Motion to Stay the instant case pending the outcome of the Illinois Litigation.[5] Plaintiffs oppose this Motion.[6]

## LAW AND ANALYSIS

TGV argues that this Court should stay this matter in accordance with the first-to-file rule because the Illinois Litigation was filed before this suit.[7] Alternatively, TGV contends that the "customer-suit exception" to the first-to-file rule mandates a stay of this case.[8] Plaintiffs counter that the customer-suit

---

[2] *See* Doc. 17, ¶¶ 18–28.
[3] *Id.* ¶¶ 16–17.
[4] *See* Xodus Medical, Inc. v. U.S. Surgitech, Inc., No. 19-cv-03164 (N.D. Ill. 2019). The Illinois Litigation began in May of 2019, and the instant case commenced in March of 2021. *See* Doc. 1.
[5] *See* Doc. 21.
[6] *See* Doc. 28. For TGV's reply, see Doc. 35.
[7] *See* Doc. 21-1 at 7.
[8] *Id.* at 7–10.

exception does not apply to this case, and that even if it did, this Court still has the discretion to deny the request to stay and should do so.[9]

"The first-to-file rule is a discretionary doctrine that may be applied 'when related cases are pending before two federal courts.'"[10] "If there is 'substantial overlap' between the two cases, 'the court in which the case was last filed may refuse to hear it.'"[11] "The first-to-file rule allows the second court where the case was filed to stay, dismiss, or transfer the action to the first filed court."[12] The first-to-file rule "rests on principles of comity and sound judicial administration."[13] Its purpose is to "maximize judicial economy and minimize embarrassing inconsistencies by prophylactically refusing to hear a case raising issues that might substantially duplicate those raised by a case pending in another court."[14]

The first-to-file rule counsels this Court to stay the present case while the Illinois Litigation proceeds. This is because there is substantial overlap of issues between this case and the Illinois Litigation. The same product, patents, and allegations—besides a change from manufacturer to seller—are at issue in both cases. Further, principles of judicial efficiency and economy, which animate

---

[9] *See* Doc. 28 at 1–2.

[10] Green Tree Servicing, L.L.C. v. Clayton, 689 Fed. Appx. 363, 367 (5th Cir. 2017) (quoting Int'l Fidelity Ins. Co. v. Sweet Little Mex. Corp., 665 F.3d 671, 677 (5th Cir. 2011)); *see also* Cadle Co. v. Whataburger of Alice, Inc., 174 F.3d 599, 603 (5th Cir. 1999).

[11] *Id.* (quoting *Sweet Little Mex. Corp.*, at 677–78)

[12] Diversified Foods & Seasonings, Inc. v. Basic Food Flavors, Inc., No. 10-4339, 2011 WL 13213833, at *1 (E.D. La. June 6, 2011) (citing W. Gulf Mar. Ass'n v. ILA Deep Sea Local 24, 751 F.2d 721, 729 n.1 (5th Cir. 1985)).

[13] *Cadle Co.*, 174 F.3d at 603.

[14] *Id.* at 604.

both the first-to-file rule and the customer-suit exception, weigh in favor of a stay. The Illinois Litigation has already progressed past initial discovery, and the parties have briefed the issue of claim construction. It would be judicially inefficient and uneconomic to duplicate that progress in the present case.

Further, in deciding whether to issue a stay, district courts consider several other factors, including: "(1) whether the litigation is at an early stage; (2) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (3) whether a stay will simplify the issues in question and streamline the trial; and (4) whether a stay will reduce the burden of litigation on the parties and on the court."[15] All of these factors militate in favor of a stay. With no scheduling order entered, this case is nascent. A stay will simplify the issues to those remaining, if any, after the Illinois Litigation terminates. It will also reduce the burden of litigation and eliminate the risk of conflicting holdings as to claim construction or patent validity and infringement. Lastly, Plaintiffs argue that a stay of this case will prejudice them because the Illinois Litigation is progressing slowly due to docket backlog and COVID-19 restrictions there. Despite what Plaintiffs might believe, this Court has not been immune to the effects of COVID-19.[16] There is no guarantee of a speedier resolution here than in Illinois. For that reason, Plaintiff's alleged prejudice is unpersuasive.

---

[15] Lawrence v. Jefferson Par. Pub. Defs., 20-1615, 2021 WL 6063253, at *2 & n.15 (E.D. La. Dec. 22, 2021).

[16] *See* COVID 19, Orders 20-1 to -14, 21-1 to -17, http://www.laed.uscourts.gov/attorney-information/rules-and-orders/general-orders (last accessed January 5, 2022).

## CONCLUSION

For the foregoing reasons, TGV's Motion to Stay (Doc. 21) is **GRANTED**. This case is hereby **STAYED** and **ADMINISTRATIVELY CLOSED** pending the outcome of the Illinois Litigation.

New Orleans, Louisiana this 7th day of January, 2022

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

5